J-S30025-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOHN DALE PREACHER | : | |
| | : | |
| Appellant | : | No. 267 EDA 2022 |

Appeal from the PCRA Order Entered January 7, 2022
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0001286-2008

BEFORE:   STABILE, J., McCAFFERY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY McCAFFERY, J.:                **FILED MARCH 02, 2023**

John Dale Preacher (Appellant) appeals *pro se* from the order entered in the Delaware County Court of Common Pleas dismissing his serial petition filed pursuant to the Post-Conviction Relief Act[1] (PCRA).  Appellant seeks relief from the judgment of sentence of an aggregate term of 25 to 50 years' imprisonment, imposed on October 27, 2008, following his convictions of attempted homicide, aggravated assault, persons not to possess firearms, firearms not to be carried without a license, and recklessly endangering another person ("REAP").[2]  On appeal , he contends the PCRA court erred in

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] ***See*** 18 Pa.C.S. §§ 901/2501, 2702(a), 6105, 6106(a)(1), 2705.

dismissing the instant petition as untimely filed because: (1) he satisfied the newly-discovered fact exception to the PCRA's one-year filing requirement; (2) trial counsel was ineffective for failing to explain the plea process to him; and (3) his sentence violates constitutional double jeopardy protections. As we agree with the PCRA court that the present petition is untimely, we affirm.

A detailed recitation of the underlying facts is not necessary for this appeal. On October 8, 2007, Appellant and the victim, Frederick Bowman, were engaged in a verbal disagreement that turned into a physical alteration and concluded with Appellant shooting the victim through the hand and chest. **See** Trial Ct. Op., 1/26/09, at 2; PCRA Ct. Op., 3/30/22, at 1. On August 20, 2008, a jury convicted Appellant of attempted homicide, aggravated assault, carrying firearms without a license, and REAP. The court found Appellant guilty of persons not to possess a firearm. On October 27, 2008, the trial court sentenced Appellant to a term of 20 to 40 years' imprisonment for the attempted murder conviction, plus a consecutive term of five to 10 years for the persons not to possess firearms offense.[3]

A panel of this Court affirmed his judgment of sentence on August 19, 2009, and the Pennsylvania Supreme Court denied his petition for allowance of appeal on December 29, 2009. **See Commonwealth v. Preacher**, 3480 EDA 2008 (Pa. Super. Aug. 19, 2009) (unpub. mem.), *appeal denied*, 692 MAL

---

[3] The court imposed concurrent sentences for the remaining convictions.

2009 (Pa. Dec. 29, 2009). Appellant did not file a petition for writ of *certiorari* with the United States Supreme Court.

Between August 2010 and February 2016, Appellant filed three petitions under the PCRA.[4] Appellant received no relief with respect to any of those petitions. On October 6, 2021, he filed the present, his fourth, *pro se* PCRA petition, asserting that he discovered for the first time in March of 2021 that the Commonwealth had offered him an open plea deal and counsel failed to inform of the plea agreement. **See** Appellant's Petition Seeking Relief Under

_____

[4] **See** PCRA Ct. Op. at 2. In his first timely petition, filed in August of 2010, Appellant raised layered claims of ineffective assistance of counsel, which concerned errors related to jury instructions, judicial impartiality, and admissibility of certain evidence. **See** PCRA Ct. Op., 5/16/11, at 2 (unpaginated). This Court and the Pennsylvania Supreme Court both denied relief. **See Commonwealth v. Preacher**, 39 EDA 2011 (Pa. Super. Dec. 15, 2011) (unpub. memo.), *appeal denied*, 253 MAL 2012 (Pa. Aug. 22, 2012).

In January of 2012, Appellant filed a new petition, alleging he was entitled to a new trial on the ground of newly discovered evidence — gunshot residue test results that he asserted the Commonwealth withheld from him at trial. **See** PCRA Ct. Op., 10/1/13, at 2 (unpaginated). Then, in April of 2012, Appellant filed a petition for writ of *habeas corpus*, requesting dismissal of charges against him, which a panel of this Court treated as a PCRA petition. **See Commonwealth v. Preacher**, 2012 EDA 2013 (Pa. Super. Feb. 19, 2014) (unpub. memo.). These petitions were addressed as one, and again this Court denied relief. **See id.**

In February of 2016, Appellant filed his third PCRA petition, contending that a sentencing statute is unconstitutional and that he was entitled to relief retroactively in a collateral proceeding. **See** PCRA Ct. Op., 6/14/18, at 3 n.1. Like his other petitions, this Court affirmed the denial of PCRA relief, and the Pennsylvania Supreme denied his petition for allowance of appeal. **See Commonwealth v. Preacher**, 997 EDA 2017 (Pa. Super. Jan. 31, 2019) (unpub. memo.), *appeal denied*, 338 MAL 2019 (Pa. Dec. 30, 2019).

the Post-Conviction Collateral Relief Act, 10/6/21, at 6. On October 29, 2021, after finding the petition was untimely, the PCRA court notified Appellant of its intent to dismiss the petition without a hearing pursuant to Pennsylvania Rule of Criminal Procedure 907. Appellant filed a *pro se* response, to which the court reissued its Rule 907 notice on December 1, 2021. Appellant filed another *pro se* response. On January 7, 2022, after reviewing Appellant's response, the PCRA court dismissed his petition. This *pro se* appeal followed.

Appellant raises the following claims for our review:

1. The PCRA court erred in dismissing [his] PCRA petition without an evidentiary hearing where the PCRA petition was timely pursuant to 42 Pa.C.S. [§] 9545(b)(1)(ii) and 42 Pa.C.S. [§] 9545(b)(2)[,] Senate Bill No. 915 Session of 2018?

2. The PCRA court erred in dismissing [his] PCRA petition without an evidentiary hearing on Appellant's claim that trial counsel was ineffective during the plea process?

3. The sentence imposed is in violation of the Double Jeopardy Clauses of the Fifth Amendment to the United States Constitution and Article I, Section 10 of the Pennsylvania Constitution[?]

Appellant's Brief at 2 (some capitalization omitted).

We initially note that while "this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant." *Commonwealth v. Lyons*, 833 A.2d 245, 251-52 (Pa. Super. 2003) (citation omitted). Furthermore, he is not entitled to have this Court advocate on his behalf. *Commonwealth v. Rivera*, 685 A.2d 1011, 1013 (Pa. Super. 1996).

The standard by which we review PCRA petitions is well settled:

Our standard of review in a PCRA appeal requires us to determine whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. The scope of our review is limited to the findings of the PCRA court and the evidence of record, which we view in the light most favorable to the party who prevailed before that court. [ ] The PCRA court's factual findings and credibility determinations, when supported by the record, are binding upon this Court. However, we review the PCRA court's legal conclusions *de novo*.

*Commonwealth v. Small*, 238 A.3d 1267, 1280 (Pa. 2020) (citations omitted). Moreover, we note: "There is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary." *Commonwealth v. Jones*, 942 A.2d 903, 906 (Pa. Super. 2008).

Prior to addressing the merits of Appellant's claims, we must determine whether we have jurisdiction to review the matter. We are guided by the following:

"Crucial to the determination of any PCRA appeal is the timeliness of the underlying petition." The timeliness requirement for PCRA petitions "is mandatory and jurisdictional in nature."

A PCRA petition[, including a second or subsequent petition,] is timely if it is "filed within one year of the date the judgment [of sentence] becomes final." 42 Pa.C.S. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). . . .

*Commonwealth v. Montgomery*, 181 A.3d 359, 365 (Pa. Super. 2018) (*en banc*) (some citations omitted). This Court is without jurisdiction to review the merits of issues raised in an untimely PCRA petition. ***See*** *Commonwealth v. Sanchez*, 204 A.3d 524, 526 (Pa. Super. 2019). We may reach the merits of an untimely PCRA petition only if the petitioner pleads and proves one of the three exceptions set forth at Section 9545(b)(1). ***See*** 42 Pa.C.S. § 9545(b)(1)(i)-(iii); ***Montgomery***, 181 A.3d at 365-66.

In the instant case, this Court affirmed Appellant's judgment of sentence on August 19, 2009, and the Pennsylvania Supreme Court denied his petition for allowance of appeal on December 29, 2009. Appellant had 90 days — until March 29, 2010 — to seek *certiorari* with the United States Supreme Court. ***See*** S.Ct.R. 13(1). However, Appellant did not, and thus, his judgment of sentence became final on March 29th. ***See*** 42 Pa.C.S. § 9545(b)(3). Appellant then had one year, or until March 29, 2011, to file a PCRA petition. ***See*** 42 Pa.C.S. § 9545(b)(1). Appellant filed the present petition on October 6, 2021, approximately 10 years and six months thereafter. Therefore, the petition is facially untimely.

We next must ascertain whether Appellant properly invoked one of the timeliness exceptions set forth in Section 9545(b)(1) below:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Generally, any petition invoking one of the timeliness exceptions must "be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2). It is the petitioner's "burden to allege and prove that one of the timeliness exceptions applies." *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1268 (Pa. 2008) (emphasis added).

Based on the nature of Appellant's claims, we will address his first two issues together. Appellant first claims the PCRA court erred in dismissing his petition as untimely filed because he invoked the newly-discovered fact exception to the PCRA time bar. *See* Appellant's Brief at 5. Specifically, Appellant claims that on March 19, 2021, he "noticed for the first time" that an October 27, 2008, Certificate of Imposition of Sentence,[5] included a purported offer by the Commonwealth for an open plea. This document, which the PCRA court explains is not a sentencing order but instead a sentencing guidelines informational sheet, included the statement, "Above: Open Plea[

_____

[5] Appellant included this document as an exhibit in his October 6, 2021, PCRA petition and appellate brief.

- 7 -

]," in a section entitled "Additional Reasons for Sentence". ***Id.*** at 5-6, 29. Appellant buttresses the notion that there was an offer by stating, "Why would the trial court include [the] line on the sentencing order[.]" ***See id.*** at 6. Appellant states he then raised the claim in his October 6, 2021, petition, which was within one year of discovering the evidence at issue, and that the "fact" was unknown to him and could not have been obtained by due diligence. ***See id.*** He states, "To the extent that the Commonwealth argues that the facts of a plea agreement were previously known to" him, he "proffers that as an uneducated lay [ ] person with a tenth grade education, he w[as] not aware of" the plea offer until "a fellow prisoner" pointed out the statement on the sentencing form. ***Id.*** at 17. Appellant claims his "trial counsel never informed him of the offer to an open plea which [he] would have accepted rather than go to trial and receive an [aggregate 25 to 50] year sentence." ***Id.*** at 7 (some capitalization omitted). Appellant concludes the PCRA court improperly determined that he had not met the timeliness exception.

Relatedly, in his second argument, Appellant alleges that since the October 27th sentencing document "verif[ied] the existence of an open plea agreement[,]" trial counsel was ineffective for failing to inform him of the plea, stating "counsel never communicated to" him the offer, which "depriv[ed him] of an opportunity to make an informed decision as to[ ] whether to accept the plea agreement rather than go to trial[.]" Appellant's Brief at 10, 16. He contends he would have accepted the plea offer, the Commonwealth would

- 8 -

not have revoked the plea, and there is a reasonable probability the trial court would have accepted the terms of the plea agreement. *Id.* at 12-13. Appellant states he was denied "a complete and fair criminal process[,]" and the court was not afforded the "opportunity to conduct a plea colloquy."[6] *Id.* at 11 (some capitalization omitted). Moreover, he claims there is arguable merit to his ineffectiveness contention because counsel had a duty to advise him of any offered plea agreements. *Id.* at 20-21. Appellant further states an evidentiary hearing is necessary because "the record in this case does not definitively verify the non-existence of the open plea agreement" and therefore is "undeveloped[.]" *Id.* at 11-12 (some capitalization omitted).

The newly discovered fact exception "has two components, which must be alleged and proved. Namely, the petitioner must establish that: 1) the facts upon which the claim was predicated were unknown and 2) could not have been ascertained by the exercise of due diligence." *Commonwealth v. Bennett*, 930 A.2d 1264, 1272 (Pa. 2007) (citation, quotation marks, and emphasis omitted). Due diligence generally requires the petitioner "take reasonable steps to protect his own interests." *Commonwealth v. Monaco*, 996 A.2d 1076, 1080 (Pa. Super. 2010) (citations omitted). Moreover, "[a] petitioner must explain why he could not have obtained the new fact(s) earlier

---

[6] Similarly, Appellant baldly asserts that not only was trial counsel ineffective, but "all prior appellate counsel" for failing to review and raise the claim. *See* Appellant's Brief at 16.

with the exercise of due diligence." *Id.* It does not require "perfect vigilance nor punctilious care, but rather it requires reasonable efforts by a petitioner, based on the particular circumstances to uncover facts that may support a claim for collateral relief." *Commonwealth v. Shiloh*, 170 A.3d 553, 558 (Pa. Super. 2017) (citation omitted). Consequently, "the due diligence inquiry is fact-sensitive and dependent upon the circumstances presented." *Id.* (citation omitted).

Since Appellant's claim includes an ineffective assistance of counsel argument, it merits mention that to succeed on an ineffectiveness claim, a petitioner must demonstrate by a preponderance of evidence that "(1) the underlying claim has arguable merit; (2) counsel had no reasonable basis for his or her action or inaction; and (3) the petitioner suffered prejudice as a result of counsel's action or inaction." *Commonwealth v. Brown*, 196 A.3d 130, 150 (Pa. 2018) (citation omitted). Counsel is presumed to be effective, and the burden is on the petitioner to prove otherwise. *See Commonwealth v. Hanible*, 30 A.3d 426, 439 (Pa. 2011). A failure to satisfy any prong of the test for ineffectiveness will result in denial of the claim. *See Commonwealth v. Montalvo*, 244 A.3d 359, 368 (Pa. 2021).

In rejecting Appellant's claim that the newly-discovered-facts exception was applicable to his case, the PCRA court found the following:

> Th[e PCRA] court disagrees with Appellant's reasoning concerning the exception to the one year time limitation for filing a PCRA petition. Appellant seems to have erroneously concluded the Sentencing Guidelines Forms are part of the Certificate of

> Imposition of Sentence, and the Sentencing Guideline Forms contain the magical information to prove at long last and after all his previous endeavors that trial counsel indeed was ineffective. Although th[e] court recognizes the difficulty Appellant faces in proceeding *pro se* in his case, the fact is all of these documents have been part of the official record since October 27, 2008. The[e] court finds it difficult to comprehend Appellant now, after the motions and appeals filed since this date, is claiming he only viewed them for the [first] time on March 19, 2021. Additionally, the specific language in 42 Pa.C.S. § 9545(b)(1)(ii) exception requires Appellant to prove both 1) the facts upon which the claim is predicated were unknown to the petitioner and 2) Appellant could not have ascertained the information by the exercise of due diligence. Appellant could have discovered and ascertained these forms by due diligence and with relative ease sometime during the approximate 14 years since Appellant was sentenced, especially in view of the post conviction litigation in this case. Appellant not having satisfied any of the exceptions for filing the PCRA petition beyond the one-year time limitation set forth in 42 Pa.C.S. § 9545(b) is time barred and this court does not have jurisdiction to consider the petition on its merits. . . .

PCRA Ct. Op., 3/30/22, at 4-5.

We observe no error in the PCRA court's conclusion that Appellant did not exercise due diligence, as he must to raise the newly-discovered-fact exception to the PCRA's time bar. Since the document has been a part of the certified record since 2008, Appellant failed to demonstrate "reasonable efforts" in ascertaining this information. Appellant merely states that he is lay person with a tenth-grade education as his reasoning why it took approximately 13 years to discover the existence of the "open plea agreement" documented on a public sentencing form. As such, this fact is not "new" for purposes of this appeal. *See Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa. Super. 2015) ("[T]he focus of this exception is on the newly

discovered facts, not on a newly discovered or newly willing source for previously known facts.") (emphasis omitted). Moreover, we point out this is Appellant's fourth attempt at PCRA relief and therefore, we presume he is well-acquainted with post-conviction proceedings, including the timeliness requirements.

Furthermore, we note Appellant's ineffective assistance of counsel argument does not implicate the newly-discovered-fact exception, or the other two exceptions, to the PCRA time-bar. *See Commonwealth v. Robinson*, 139 A.3d 178, 186 (Pa. 2016) (opining there is no statutory exception to PCRA time-bar applicable to ineffective assistance of counsel claims). Accordingly, we conclude Appellant failed to demonstrate how the PCRA court erred by dismissing his petition as untimely.

In any event, even if Appellant had properly invoked the newly-discovered-fact exception, there is no merit to his underlying claim. As the PCRA court properly determined:

> Appellant in his PCRA petition claimed [trial] counsel provided ineffective assistance[4] by not informing him of an offer to an open plea agreement, and Appellant included an exhibit purportedly proving the allegation.[5] Th[e PCRA] court reviewed the exhibit which included a copy of the October 27, 2008 Certificate of Imposition of Sentence and *Pennsylvania Commission of Sentencing Guideline Forms*. Appellant's apparent confusion about the Sentencing Guidelines Forms being part of the Certificate of Imposition of Sentence contributes to his er[r]oneous determination trial counsel was ineffective. **The sentencing guideline forms are used by the trial court as a sentencing aid and are not part of the Certificate of Imposition of Sentence**. The forms are generated in advance of the date of imposition of sentence to provide the sentencing

- 12 -

court with a snapshot of a defendant's background, especially concerning the legal ranges of sentence for a particular conviction for a particular criminal offense for which a defendant has been convicted. Th[e] court noted on the Sentencing Guideline Forms there are entries showing various types of dispositions in the "Type of Disposition (Conviction)" box, including "Neg. Guilty Plea", "Jury Trial", and speci[fic]ally on p. 15 under the section titled "Additional Reasons for Sentence" the language "Above: Open Plea". The Pennsylvania Commission of Sentencing has a legislative mandate to collect and disseminate information on Commonwealth sentencing practices and allows on-line calculation of the sentencing guidelines for the judge's[ ] consideration at time of sentence. The court can print a guideline form with the information concerning a defendant, the defendant's prior record score, the offense gravity score, and the standard, aggravated, and mitigated ranges for a conviction on a particular offense for its use at sentencing. **These references on the forms are not part of the Certificate of Imposition of Sentence, not authoritative to the outcome of Appellant's case**.

_____

[4] In fact, Appellant alleged all counsel have been ineffective, but in the [p]etition failed to include any facts to substantiate these claims except as the ineffectiveness relates to trial counsel and the question of the open guilty plea offer.

[5] Appellant also claimed in his PCRA petition trial counsel failed to explain the plea process and failed to inform Appellant "of the complete maximum sentence if he went to trial". The PCRA precludes relief for claims raised and decided on appeal and waived claims. [42] Pa.C.S. § 9543.

_____

Appellant also attempts to show prejudice by alleging he would have accepted the offer to plead open and receive a lesser sentence than the sentence he received following trial. Appellant fails to realize an open guilty plea does not guarantee a defendant a more lenient sentence or that a defendant is not required to have an offer from the Commonwealth to enter an open guilty plea before he or she may enter an open guilty plea in a criminal case: Pa.R.Crim.P. 590(A) provides "A defendant is permitted to plead guilty with the consent of the judge as long as the judge

determines the plea is voluntarily. and intelligently entered." Appellant cannot come fourteen years after sentencing baldly claiming he would have been given leniency if he had entered an open guilty plea and counsel was ineffective for not advising him concerning this unsubstantiated fact.

Unfortunately for Appellant, he has not proven by a preponderance of the evidence trial counsel failed to alert Appellant an open guilty plea was offered or trial counsel was ineffective. Notwithstanding the fact Appellant's burden in the PCRA petition is to prove by a preponderance of the evidence the claims he raised, Appellant's PCRA petition and responses filed are devoid of any proof of trial counsel's ineffectiveness or prejudice.

PCRA Ct. Op., 3/30/22, at 6-8 (emphases added). Accordingly, we would affirm on the merits of the PCRA court's well-reasoned opinion if Appellant's claim had satisfied the timeliness exception.

As for Appellant's remaining claim, he alleges that his sentence was illegal because it violated the Double Jeopardy Clauses of both the United States and Pennsylvania Constitutions. **See** Appellant's Brief at 23. He complains the sentences imposed subjected him to "multiple punishments for the same offense." **Id.** at 24. Specifically, he asserts his convictions for attempted homicide and person not to possess a firearm "arose from the same acts" and the elements of persons not to possess a firearm "is a necessarily included element of" attempted homicide. **Id.** at 25-26. Therefore, he contends the two convictions should have merged for sentencing purposes. He also states that the deadly weapon enhancement was "misapplied" by the trial court because "the enhancement should only be added when it is legally

- 14 -

possible to commit the crimes 'without' possessing a deadly weapon." *Id.* at 25.

Generally, a legality of sentence claim is cognizable under the PCRA so long as a petition satisfies the PCRA's time limits or one of the exceptions. *See Commonwealth v. Beck*, 848 A.2d 987, 989 (Pa. Super. 2004). The PCRA states that "[t]his subchapter provides for an action by which . . . persons serving illegal sentences may obtain collateral relief." 42 Pa.C.S. § 9542. Therefore, in accordance with the statute, Appellant was required to pursue his claim through the PCRA. *See Commonwealth v. Hall*, 771 A.2d 1232, 1235 (Pa. 2001) (stating that "claims that could be brought under the PCRA must be brought under that Act"). Here, Appellant did not raise this illegal sentence issue in his PCRA petition but raised it for the first time on appeal. Even if he had presented the issue in his untimely PCRA petition, it would be deemed lost because it was raised in an untimely PCRA petition. *See Commonwealth v. Miller*, 102 A.3d 988, 995 (Pa. Super. 2014) (stating that this Court may not review a challenge to the legality of the sentence where there is no basis for our jurisdiction to review the claim). Appellant did not present any argument how the three timeliness exceptions apply to the issue. Because we lack jurisdiction to address the merits of Appellant's petition, we would not be able address his illegal sentencing claim.

In sum, we agree with the PCRA court's determination that Appellant's petition was not timely filed, and he failed to plead and prove any of the

timeliness exceptions. Therefore, Appellant was not entitled to an evidentiary hearing. **See Jones**, 942 A.2d at 906. Accordingly, we affirm the order denying PCRA relief.

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 3/2/2023*